**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-60554**
**Summary Calendar**

---

**PRIDE OFFSHORE, INC., EMPLOYER;**
**SIGNAL MUTUAL INDEMNITY ASSOCIATION LIMITED, CARRIER;**

**Petitioners,**

**v.**

**JIMMY ROGERS;**
**DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,**
**U.S. DEPARTMENT OF LABOR;**

**Respondents,**

---

**Petition for Review of an Order**
**of the Benefits Review Board**
**(98-1410)**

---

July 23, 1999

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This is an appeal from an order of the Benefits Review Board ("BRB") dismissing an appeal from an Administrative Law Judge ("ALJ") for lack of jurisdiction. We affirm the decision of the BRB.

I.

The facts pertinent to this appeal are as follows:

1.  On June 9, 1998, the ALJ filed his order disposing of the merits of the underlying dispute with the Office of the Deputy Commissioner.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2.    On June 23, 1998 – 14 calendar days after the order was filed – the petitioners filed a motion for reconsideration with the ALJ.

3.    On July 9, 1998, the petitioners appealed the ALJ's original benefits decision to the BRB. This appeal was designated No. 98-1335.

4.    On July 10, 1998, the ALJ filed an order dismissing the petitioners' motion for reconsideration as untimely.

5.    On July 21, 1998, the petitioners filed a second appeal with the BRB – No. 98-1410. In this appeal, the petitioners sought review of the ALJ's original decision awarding benefits and the second order dismissing the petitioners' motion for reconsideration as untimely.

6.    On August 4, 1998, the BRB issued an order dismissing the petitioners' second appeal, No. 98-1410, for lack of jurisdiction due to the untimely filing of the motion for reconsideration. The appeal of the merits of the ALJ's benefit decision, No. 98-1335, remains pending before the BRB.

II.

This is an appeal from No. 98-1410, which the BRB dismissed for lack of jurisdiction. Citing Fed. R. Civ. P. 81(a)(6) and 6(a), the petitioners argue that their motion for reconsideration was timely filed. Under the computation method of Rule 6(a), intermediate weekends and holidays are excluded from the computation period when the prescribed time period is less than 11 days. A motion for reconsideration of an ALJ's decision awarding benefits must be filed within 10 days pursuant to 20 C.F.R. § 802.206(b)(1). If, however, Rule 6(a) applies, the petitioners' motion for reconsideration would be timely.

Unfortunately for the petitioners, the Code of Federal Regulations explicitly sets forth the means of computing time periods in actions before the BRB. In Bogdis v. Marine Terminals

2

<u>Corp.</u>, 23 BRBS 136, 138 n.1 (1989), the BRB applied 20 C.F.R. § 802.221(a) to calculate the timeliness of a motion for reconsideration and to determine whether the filing of the motion for reconsideration tolled the time period for filing a notice of appeal. The BRB ruled that § 802.221(a) governed the computation of the time period prescribed for filing motions for reconsideration under 20 C.F.R. 802.206(b)(1). <u>See</u> <u>Boqdis</u>, 23 BRBS at 138 (discussing calculation of time period). The application of § 802.221(a) to the filing of motions for reconsideration comports with the regulation's plain language. <u>See</u> 20 C.F.R. § 802.221(a) ("In computing any period of time prescribed or allowed by these rules . . . ."). Accordingly, the petitioners had until June 19, 1998, to file a timely motion for reconsideration. Their filing on June 23, 1998, was four days late and deprived the BRB of jurisdiction over No. 98-1410.

**AFFIRMED.**